### Hannah Peckham v. John G. Buffam.

Though the evidence in a suit in chancery makes out a good case, yet if it be a different case from that made by the bill, the bill must be dismissed.

*Heard October 6th. Decided October 14th.*

PECKHAM v. BUFFAM.

Appeal in chancery from Branch Circuit.

The bill was filed to compel a release by defendant of a portion of a village lot in Coldwater, which had been conveyed by complainant to defendant's grantor. The bill alleged that complainant conveyed to one Smith the west half of lot 117 in the village of Coldwater, "reference being had to the plat of the village of Coldwater, recorded in the Register's office of Branch county"; that in fact the plat of said village as recorded was erroneous, and showed lot 117 to be larger than it was in reality, and to embrace a portion of another lot owned by complainant, and not intended to be conveyed, and never claimed by Smith; and that Smith conveyed to complainant who had knowledge of the mistake at the time. The main facts stated in the bill were denied by the answer, and evidence was taken, from which it appeared that the plat was laid out by the village authorities in pursuance of a special statute for that purpose, and that lots were platted in accordance with their occupation at the time; so that the error alleged in the recorded plat did not exist. The evidence also tended to show that complainant did not sell to Smith, nor suppose she was conveying to her, a part of what constituted the west half of lot 117, according to the recorded plat, and that both parties were laboring under a mistake as to the location of the boundary line. It also tended to show that defendant was aware of these facts when he bought. The Court below rendered a decree for complainant as prayed.

*T. M. Cooley*, for complainant.

*C. Upson*, for defendant.

CHRISTIANCY J.:

The bill makes one case, and the evidence another. Had the case made by the bill been supported by the

evidence, it would have entitled the complainant to relief; and perhaps the same may be said of the case made by the evidence, had it been founded on an appropriate bill; but upon the latter alternative we express no opinion.

The bill bases the claim to relief entirely upon an alleged error in the village plat referred to for description in complainant's deed; while the evidence shows that the plat was correct, and made in compliance with the act, "as the lots were used and occupied" when it was made; but that the description in the deed was erroneous, in referring to the plat for the description of the land intended to be conveyed. It is plain, we think, that these questions present very different issues, and that the latter is not fairly included in the former. Complainant is only entitled to relief *secundum allegata et probata;* and the bill is not sustained by the evidence. We do not therefore think it necessary to refer to any of the other questions presented by the case. The decree of the Circuit Court in Chancery must be reversed, with costs to the defendant in this Court and the Court below, and the bill must be dismissed without prejudice.

The other Justices concurred.